# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: <br><br> RONALD D. COLEMAN, <br><br> Debtor. | Case No.   10-15552-RGM <br> (Chapter 7) |
| AMY C. BUCHANAN, <br><br> Plaintiff, <br><br> vs. <br><br> RONALD D. COLEMAN, <br><br> Defendant. | Adv. Proc. No. 10-1337 |

### MEMORANDUM OPINION

THIS CASE was before the court for a trial on the complaint of Amy C. Buchanan against Ronald D. Coleman to determine the dischargeability of an obligation due to her.

Ms. Buchanan and the debtor are divorced.  They entered into a Property Settlement Agreement which provided that the debtor would pay one-half of the college expenses of Ms. Buchanan's son.  He failed to do so and Ms. Buchanan filed suit in state court.  Prior to trial in state court, they settled the matter by the debtor agreeing to pay Ms. Buchanan $32,000 for his one-half of the educational expenses.  All but $22,500 has been paid.  The debtor also incurred debts on Ms. Buchanan's credit card account in violation of the terms of the Property Settlement Agreement.

Ms. Buchanan asserted that the educational debt was not discharged under §523(a)(5) because it was a domestic support obligation.  The debtor denied that it was a domestic support obligation because (1) Ms. Buchanan's son was not adopted by the debtor and (2) since Ms.

Buchanan expressly waived her right to support, it was not in the nature of alimony, maintenance, or support. The debtor also claimed that the educational debt was not a debt arising under the Property Settlement Agreement under §523(a)(15) because it was a contractual settlement made after the Property Settlement Agreement and was not payable to Ms. Buchanan but to her son who was a third party beneficiary.

The matter was called for trial and the parties announced that they had settled the matter. They agreed that both debts were not discharged, the credit card under §523(a)(15) as an obligation arising in a Property Settlement Agreement and the educational loan under §523(a)(5) as a domestic support obligation. In light of the parties' agreement, there are no issues left to be tried and the court will enter an order declaring the educational loan plus attorney's fees incurred in enforcing the Property Settlement Agreement to be non-dischargeable under §523(a)(5) and will incorporate the agreement of the parties for the payment of the credit card obligation which will be declared non-dischargeable under §525(a)(15).

This is an asset case. The characterization of the educational loan as a domestic support order under §523(a)(5) as opposed to an obligation arising under the Property Settlement Agreement under §523(a)(15) is significant to the creditors of the estate as well as to the parties. About $50,000 will be available for distribution. The trustee has a pending motion to pay administrative tax obligations to the Commonwealth of Virginia and the Internal Revenue Service. This has been postponed pending resolution of this adversary proceeding. The trustee is not a party to the adversary proceeding, although he is well aware of its pendency.

If Ms. Buchanan's obligation is a domestic support order under §523(a)(5), she will be paid first, after the trustee's costs and expenses incurred by the trustee with respect to the funds recovered

to pay her claim. After Ms. Buchanan's claim is paid, the administrative tax obligations due to the United States and to the Commonwealth of Virginia will be paid, and, then, unsecured creditors will be paid. Ms. Buchanan's educational loan claim is $22,500, plus approximately $12,000 in attorney's fees, for a total of $34,500. The trustee's fee can reasonably be expected to be about $5,750. The trustee is requesting authority to pay federal income taxes of approximately $5,000 and income taxes to the Commonwealth of Virginia of approximately $2,266. If the educational loan and attorney's fees are treated as a §523(a)(5) claim, they and the trustee's fees which together are approximately $40,250, will be paid in full. It is likely that the administrative tax obligations will be paid in full, but, it is unlikely that any other unsecured creditor will receive a significant distribution.

If the educational loan is more properly treated as a property settlement obligation under §523(a)(15) as the debtor first asserted, the trustee's fees and administrative expenses, including the taxes to the Internal Revenue Service and the Commonwealth of Virginia, will be paid in full and all creditors, including Ms. Buchanan, will receive prorata distributions.

The consequences to the debtor and Ms. Buchanan are that if the educational loan is treated as a §523(a)(5) obligation, it will be paid in full upon approval of the trustee's report which should occur within a relatively short period of time. Ms. Buchanan will be paid all that she is entitled to under the educational loan claim, and the debtor will have no outstanding liability to her because it has been paid by the trustee through the bankruptcy case. If, on the other hand, the educational loan is a §523(a)(15) obligation, Ms. Buchanan will receive a partial payment and will have to collect the balance from the debtor. The debtor will have a pre-petition obligation that was not discharged in this proceeding.

Neither the trustee nor any other creditor is a party to this proceeding. The court will enter an order declaring the educational loan to be non-dischargeable under §523(a)(5), but the declaration is without prejudice to the trustee or any other proper party objecting to the classification of Ms. Buchanan's proof of claim.

Alexandria, Virginia
June 20, 2011

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Kenneth M. Misken
Allie M. Raether
Jad N. Sarsour

16923